**Pierce Bainbridge Beck Price & Hecht LLP**
Thomas D. Warren (SBN 160921)
twarren@piercebainbridge.com
Dan Terzian (SBN 283835)
dterzian@piercebainbridge.com
355 S. Grand Ave., 44th Floor
Los Angeles, California 90071
(213) 262-9333

*Counsel for
Defendant ICG10 Capital, LLC*

THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PS FUNDING, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>ICG10 CAPITAL, LLC, a Florida limited liability company; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 2:19-cv-07724<br><br>Hon. Dale S. Fischer<br><br>**Defendant ICG10 Capital's Answer to First Amended Complaint**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant ICG10 Capital, LLC, responds to Plaintiff PS Funding, Inc's ("PeerStreet") First Amended Complaint as follows:

1. Admitted that this Court has subject matter jurisdiction.

2. Admitted that this Court has personal jurisdiction.

3. Admitted that venue is proper in this judicial district.

## PARTIES

4. Admitted.

5. Admitted.

6. ICG10 is without sufficient knowledge or information to form a belief as to the truth of this allegation. Denied on that basis.

7. ICG10 is without sufficient knowledge or information to form a belief as to the truth of this allegation. Denied on that basis.

## GENERAL ALLEGATIONS

**A. The Master Loan Sale Agreement**

8. Admitted that ICG10 and PeerStreet entered the master loan sale agreement, which contained provisions for the sale and purchase of rights, titles, and interests in loans. Except as so admitted, denied.

9. Admitted that the mater loan sale agreement contains a form loan purchase certificate that would be used for the sale and purchase of loans. Except as so admitted, denied.

10. Denied.

**B. The Texas Loan**

11. Admitted that ICG10 and PeerStreet entered the Texas loan purchase certificate, which provided for the sale and purchase of certain rights, titles, and interests in a Texas loan. Except as so admitted, denied.

12. Admitted that the Texas loan purchase certificate provided for the sale and purchase of certain rights, titles, and interests in a Texas loan.

Agreed that a promissory note provided for a loan in the principal amount of $2,168,769. Except as so admitted, denied.

13. Admitted that ICG10 executed an allonge for the Grove Enterprises promissory note. Except as so admitted, denied.

14. Admitted that ICG10 assigned all its rights, title, and interests in the Texas loan to PeerStreet. Except as so admitted, denied.

15. Admitted that ICG10 assigned all its rights, title, and interests in the Texas loan to PeerStreet. Except as so admitted, denied.

16. ICG10 is without sufficient knowledge or information to form a belief as to the truth of this allegation. Denied on that basis.

### C. The Florida Loan

17. Admitted that ICG10 and PeerStreet entered the Florida loan purchase certificate, which provided for the sale and purchase of certain rights, titles, and interests in a Florida loan. Except as so admitted, denied.

18. Admitted that the Florida loan purchase certificate provided for the sale and purchase of certain rights, titles, and interests in a Texas loan. Admitted that a promissory note provided for a loan in the principal amount of $4,932,000. Except as so admitted, denied.

19. Admitted that ICG10 executed an allonge for the Rockwell One Properties promissory note. Except as so admitted, denied.

20. Admitted that ICG10 assigned all its rights, title, and interests in the Florida loan to PeerStreet. Except as so admitted, denied.

21. Admitted that ICG10 assigned all its rights, title, and interests in the Florida loan to PeerStreet. Except as so admitted, denied.

22. ICG10 is without sufficient knowledge or information to form a belief as to the truth of this allegation. Denied on that basis.

**D. Defaults under the MLSA and the Loan Documents**

23. Denied.

24. ICG10 is without sufficient knowledge or information to form a belief as to the truth of this allegation. Denied on that basis.

25. Admitted that PeerStreet has contacted ICG10 and asserted that ICG10 should purchase the Texas loan. Except as so admitted, denied.

26. Denied.

27. ICG10 is without sufficient knowledge or information to form a belief as to the truth of this allegation. Denied on that basis.

28. Admitted that PeerStreet has contacted ICG10 and asserted that ICG10 should purchase the Florida loan. Except as so admitted, denied.

29. Denied.

30. Denied

## FIRST CAUSE OF ACTION

31. ICG10 realleges and incorporates by reference each and every preceding response of this Answer as if set forth in full.

32. Denied.

33. Denied.

34. Denied.

35. Admitted that PeerStreet contends that ICG10 is in default. Except as so admitted, denied. ICG10 is not in default.

36. Denied.

37. Denied.

38. Denied.

## SECOND CAUSE OF ACTION

39. ICG10 realleges and incorporates by reference each every preceding response of this Answer as if set forth in full.

40. Denied.

41. Denied.

42. Denied.

## AFFIRMATIVE DEFENSES

ICG10 asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

43. The complaint and each purported cause of action contained therein fails to state facts sufficient to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE
### Invalid or Illegal Contract

44. The complaint is barred and fails to state a cause of action because the alleged contract on which PeerStreet seeks to recover is an illegal contract.

### THIRD AFFIRMATIVE DEFENSE
### Unilateral Mistake of Fact

45. There was no contract because there was a unilateral mistake of fact about the contents or legal effect of the master loan sale agreement and Section 2.11.

### FOURTH AFFIRMATIVE DEFENSE
### Mutual Mistake of Fact

46. There was no contract because both ICG10 and PeerStreet were mistaken about the contents or legal effect of the master loan sale agreement and Section 2.11.

### FIFTH AFFIRMATIVE DEFENSE
### Waiver, Forfeiture, Abandonment, and Consent

47. By its conduct, PeerStreet has waived, relinquished, forfeited, and/or abandoned any claim for relief against ICG10 respecting the matters that are the subject of the complaint. Alternatively, PeerStreet has

consented to ICG10's conduct, such that it is not wronged by it and has no claim.

### SIXTH AFFIRMATIVE DEFENSE
**Setoff**

48. Without conceding that any act of ICG10 caused damage to PeerStreet in any respect, ICG10 is entitled to a setoff and to recoup against any judgment that may be entered for PeerStreet. PeerStret has foreclosed on at least one property, and any funds recovered from that must be setoff against any judgment.

### SEVENTH AFFIRMATIVE DEFENSE
**Unjust Enrichment**

49. PeerStreet would be unjustly enriched if allowed to recover on this complaint.

### EIGHTH AFFIRMATIVE DEFENSE
**Failure to Mitigate Damages**

50. PeerStreet has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by PeerStreet must be diminished or barred by reason thereof.

### NINTH AFFIRMATIVE DEFENSE
**Unconscionable**

51. No relief may be obtained under the complaint by reason of Civil Code §§ 1670.5, the statutory and common law prohibitions on enforcement of unconscionable contracts, the prohibitions on receipt of benefits accruing the unconscionable conduct, and the unconscionability of PeerStreet's acts and claims. Even if not entirely invalid, unconscionability also limits damages and available relief. Cal. Civ. Code § 3359.

## TENTH AFFIRMATIVE DEFENSE
### Estoppel

52. By conduct, representations, and omissions, PeerStreet is equitably estopped to assert any claim for relief against ICG10 respecting the matters which are the subject of the complaint.

## ELEVENTH AFFIRMATIVE DEFENSE
### Unclean Hands

53. As a result of the acts and omissions in the matters relevant to this complaint, PeerStreet has unclean hands and is therefore barred from asserting any claims against ICG10.

## TWELFTH AFFIRMATIVE DEFENSE
### Unjust and Unreasonable

54. Specific performance of the contract would be unjust and unreasonable. Cal. Civ. Code § 3391(2).

## THIRTEENTH AFFIRMATIVE DEFENSE
### Misrepresentation, Concealment, Unfair Practices

55. ICG10's assent was obtained by PeerStreet's misrepresentation, concealment, circumvention, or unfair practices.

## FOURTEENTH AFFIRMATIVE DEFENSE
### Mistake, Misapprehension, or Surprise

56. ICG10's assent was given under the influence of mistake, misapprehension, or surprise.

## FIFTEENTH AFFIRMATIVE DEFENSE
### Modification

57. The contract was modified by the parties.

## SIXTEENTH AFFIRMATIVE DEFENSE
### Failure of Condition Precedent

58. There was no breach of contract because a condition to ICG10's performance did not occur and was not waived (e.g., Section 2.12.2 of the master loan sale agreement).

### SEVENTEENTH AFFIRMATIVE DEFENSE
### Substantial Performance

59. There was no breach of contract because ICG10 Capital substantially performed the contract.

### PRAYER FOR RELIEF

60. ICG10 prays as follows:

   i. That PeerStreet take nothing by reason of its complaint and that judgement be rendered in favor of ICG10;

   ii. That ICG10 be awarded its legal fees and costs incurred in this action; and

   iii. For such other relief as the Court deems proper.

Dated: October 7, 2019

**Pierce Bainbridge Beck Price & Hecht LLP**

_____
Dan Terzian

*Counsel for*
*Defendant ICG10 Capital, LLC*