1  SNELL & WILMER L.L.P.
2  Eric S. Pezold, Bar No. 255657
   epezold@swlaw.com
3  Lyndsey A. Torp, Bar No. 261734
   ltorp@swlaw.com
4  Andrew B. Still, Bar No. 312444
   astill@swlaw.com
5  600 Anton Blvd, Suite 1400
   Costa Mesa, California 92626-7689
6  Telephone: 714.427.7000
   Facsimile: 714.427.7799

7  Attorneys for Plaintiff
8  PS Funding, Inc.

9  UNITED STATES DISTRICT COURT

10  CENTRAL DISTRICT OF CALIFORNIA

11

12  PS FUNDING, INC., a Delaware          Case No. 2:19-cv-07724-DSF-GJS
    corporation,
13                                         **Notice of Motion and Motion to**
                    Plaintiff,             **Dismiss ICG10 Capital, LLC's First**
14                                         **Amended Counterclaims;**
         v.                                **Memorandum of Points and**
15                                         **Authorities**
    ICG10 CAPITAL, LLC, a Florida
16  limited liability company; and DOES 1  [F.R.C.P. 12(b)(1) and (6)]
    through 50, inclusive,
17
                    Defendants.
18
19                                         Date:      December 16, 2019
                                           Time:      1:30 p.m.
20                                         Courtroom: 7D

21

22      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23          PLEASE TAKE NOTICE that on December 16, 2019, at 1:30 p.m., or as

24  soon thereafter as the matter may be heard, in Courtroom 7D of the above-entitled

25  court, located at the First Street Courthouse, 350 West 1st Street, Los Angeles,

26  California, plaintiff PS Funding, Inc. ("PS Funding") will, and hereby does, move

27  for an order, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6),

28  dismissing defendant ICG10 Capital, LLC's ("ICG10") First Amended

1   Counterclaims for (1) Unfair Competition (Cal. Bus. & Prof. Code § 17200), (2)

2   Unfair Competition (Lanham Act), and (3) Declaratory Relief against PS Funding

3   (Doc. 22) on the following grounds:

4        (1)   The First Counterclaim for Unfair Competition (Cal. Bus. & Prof.

5   Code §17200 (Unfair Competition Law ("UCL")) fails because there is no violation

6   of laws or any unfair practices.  In addition, because the claim is grounded in fraud,

7   ICG10 fails to plead its claim with particularity.  Moreover, ICG10 lacks standing

8   to assert this claim because it has not suffered a cognizable economic harm.

9   Finally, the only basis for recovery under this section is restitution and/or injunctive

10  relief. But ICG10 cannot recover restitution because it has not lost "any money or

11  property, real or personal" which was "acquired" by PS Funding. Cal. Bus. & Prof.

12  Code § 17203. Moreover, there are no grounds for injunctive relief, because ICG10

13  cannot be further misled.

14       (2)   The Second Counterclaim for Unfair Competition (Lanham Act) fails

15  because ICG10's claim is grounded in fraud, and ICG10 fails to plead its claim

16  with particularity.

17       (3)   The Fourth Counterclaim for Declaratory and Injunctive Relief fails

18  because it is derivative of the counterclaims set forth above and ICG10 lacks

19  standing to seek such relief.

20       This motion is made following the conference of counsel pursuant to

21  L.R. 7-3, which took place by letter on October 31, 2019, and telephone conference

22  on November 4, 2019.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1      This motion is based on this Notice of Motion, the attached Memorandum of

2   Points of Authorities, the pleadings and papers on file in this action, and such other

3   argument as may be properly received by the Court at the time of hearing.

4

5   Dated:  November 12, 2019              SNELL & WILMER L.L.P.

6

7                                          By:*/s/ Lyndsey A. Torp*
8                                             Eric S. Pezold
9                                             Lyndsey A. Torp
                                              Andrew B. Still
10                                            Attorneys for Plaintiff PS Funding,
                                              Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COUNTERCLAIMS

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...........................................................................................10

II.     STATEMENT OF FACTS............................................................................10

III.    THE COUNTERCLAIMS MUST BE DISMISSED BECAUSE
        ICG10 FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY
        BE GRANTED ...............................................................................................12

        A.      Standards Governing Motions to Dismiss ...........................................12

        B.      ICG10's First Counterclaim Must Be Dismissed ...............................14

                1.      ICG10 Fails to State A Claim Under the UCL.........................14

                        a.      California Civil Code section 1670.5 ...........................15

                        b.      California Civil Code section 3359 ..............................18

                        c.      California Civil Code section 2782 ...............................19

                        d.      California law regarding indemnity ..............................19

                        e.      Unfair practice by threat or harm to competition...........21

                2.      ICG10 Fails to Plead its Claim with Particularity ....................22

                3.      ICG10 Seeks Improper Relief ...................................................22

        C.      ICG10's Second Counterclaim Must Be Dismissed...........................24

        D.      ICG10's Fourth Counterclaim Must Be Dismissed...........................27

IV.     CONCLUSION .............................................................................................28

SNELL & WILMER
——— L.L.P. ———
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COUNTERCLAIMS

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abramson v. Marriott Ownership Resorts, Inc.*,
(C.D. Cal. 2016) 155 F.Supp.3d 1060 ...................................................................13

*Altman v. PNC Mortg.*,
(E.D. Cal. 2012) 850 F.Supp.2d 1057 ..................................................................16

*Appel v. Concierge Auctions, LLC*,
(S.D. Cal. Apr. 13, 2018, No. 17-CV-02263-BAS-MDD) 2018 WL
1773479 ....................................................................................................................16

*Ashcroft v. Iqbal*,
(2009) 556 U.S. 662 ..........................................................................................12, 13

*Bank of the West v. Superior Court*,
(1992) 2 Cal.4th 1254 .............................................................................................22

*Bates v. United Parcel Serv., Inc.*,
(9th Cir. 2007) 511 F.3d 974 ..................................................................................24

*Bell Atl. Corp. v. Twombly*,
(2007) 550 U.S. 544 ..........................................................................................12, 13

*Burger v. Kuimelis*,
(N.D. Cal. 2004) 325 F.Supp.2d 1026...................................................................23

*Captain Bounce, Inc. v. Business Financial Services, Inc.*,
(S.D. Cal., Mar. 19, 2012, No. 11-CV-858 JLS WMC) 2012 WL 928412 .........16

*Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.*,
(1999) 20 Cal.4th 163 ..................................................................................14, 22, 23

*Cortez v. Purolator Air Filtration Prods., Inc.*,
(2000) 23 Cal.4th 163 .............................................................................................23

*Cotchett, Pitre & McCarthy v. Universal Paragon Corp.*,
(2010) 187 Cal.App.4th 1405 .................................................................................16

*Cullen v. Netflix, Inc.*,
(N.D. Cal. 2012) 880 F.Supp.2d 1017....................................................................13

*De La Torre v. CashCall, Inc.*,
(2018) 5 Cal.5th 966 ...............................................................................................15

*Dean Witter Reynolds, Inc. v. Superior Court*,
(1989) 211 Cal.App.3d 758 .........................................................................15, 16, 17

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COUNTERCLAIMS

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page**

3

4

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*,
(C.D. Cal. 2010) 711 F.Supp.2d 1074 ....................................................13

5

*Edwards v. Marin Park, Inc.*,
(9th Cir. 2004) 356 F.3d 1058 ......................................................... 14, 22

6

7

*Erickson v. Pardus*,
(2007) 551 U.S. 89 .......................................................................... 12, 20

8

*Farmers Insurance Exchange v. Superior Court*,
(1992) 2 Cal.4th 377 ..............................................................................14

9

10

*Federal Deposit Insurance Corp. v. First American Co.*,
(C.D. Cal. 2015) 2015 WL 13284947 ...................................................19

11

*Goldman v. Ecco-Phoenix Elec. Corp.*,
(1964) 62 Cal.2d 40 ...............................................................................20

12

13

*Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*,
(2015) 232 Cal.App.4th 1332 ................................................................15

14

*Haslach v. Sec. Pac. Bank,*
*Oregon* (D. Or. 1991) 779 F.Supp. 489 .................................................23

15

16

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
(9th Cir.2002) 304 F.3d 829 ..................................................................25

17

18

*Jones v. Wells Fargo Bank,*
(2003) 112 Cal.App.4th 1527 ................................................................17

19

*Kaba Mas, LLC v. La Gard Latin America, Inc.*,
(C.D. Cal., Dec. 16, 2010, No. CV1003793GAFFFMX) 2010 WL
11552869 ...............................................................................................16

20

21

*Kearns v. Ford Motor Co.*,
(9th Cir. 2009) 567 F.3d 1120 ........................................................ 13, 25

22

23

*Korea Supply Co. v. Lockheed Martin Corp.*,
(2003) 29 Cal.4th 1134 ...................................................................22, 23

24

*Kwikset Corp. v. Superior Court,*
(2011) 51 Cal. 4th 310 ....................................................................21, 24

25

*Leavell v. Illinois Dep't of Natural Res.*,
(7th Cir. 2010) 600 F.3d 798 .................................................................13

26

27

*Lehman Bros Holdings, Inc. v. California Fin. Group, Inc.*,
(C.D. Cal. 2011) 2011 WL 4375724 .....................................................18

28

**TABLE OF AUTHORITIES**
(continued)

Page

*Lehman Bros. Holding, Inc. v. IZT Mortg., Inc.*,
   (9th Cir. 2011) 2011 WL 2313601 ..................................................18

*Lehman Bros. Holdings, Inc. v. Bayporte Enterprises, Inc.*,
   (N.D. Cal. 2011) 2011 WL 6141079 ................................................18

*Lopez v. Smith*,
   (9th Cir. 2000) 203 F.3d 1122 ........................................................13

*Markborough California, Inc. v. Superior Court*,
   (1991) 227 Cal.App.3d 705 .............................................................19

*Mohamed v. Uber Technologies, Inc.*,
   (9th Cir. 2016) 848 F.3d 1201 ........................................................15

*Moore v. Kayport Package Exp., Inc.*,
   (9th Cir. 1989) 885 F.2d 531 ..........................................................26

*Neitzke v. Williams*,
   (1989) 490 U.S. 319.......................................................................13

*Newcal Industries, Inc. v. Ikon Office Solution*,
   (9th Cir.2008) 513 F.3d 1038 .........................................................25

*People v. Southern Cal. Edison Co.*,
   (1976) 56 Cal.App.3d 593 ..............................................................18

*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*,
   (2012) 55 Cal.4th 223 ....................................................................17

*Prata v. Superior Court*,
   (2001) 91 Cal.App.4th 1128 ...........................................................23

*ProSolutions Software, Inc. v. DemandForce, Inc.*,
   (C.D. Cal. 2013) 2013 WL 12139120 ..............................................14

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
   (N.D. Cal. 2010) 732 F.Supp.2d 952...........................................16, 17

*Seoul Laser Dieboard System Co., Ltd. v. Serviform, S.r.l.*,
   (S.D. Cal. 2013) 957 F.Supp.2d 1189 .............................................26

*Shadoan v. World Savings & Loan Assn.*,
   (1990) 219 Cal.App.3d 97 ..........................................................15, 17

*Simonyan v. Ally Fin., Inc.*,
   (C.D. Cal. Jan. 3, 2013) 2013 WL 45453.........................................26

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COUNTERCLAIMS

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3    *Slayman v. FedEx Ground Package Sys., Inc.*,
4         (9th Cir. 2014) 765 F.3d 1033 ...................................................................27

5    *Sprewell v. Golden State Warriors*,
          (9th Cir. 2001) 266 F.3d 979 .............................................................12, 20

6    *Stanley v. University of Southern Calif.*,
7         (9th Cir. 1994) 13 F3d 1313 ....................................................................27

8    *State Farm Fire & Cas. Co. v. Superior Court*,
          (1996) 45 Cal.App.4th 1093 .....................................................................22

9    *Stickrath v. Globalstar, Inc.*,
10         (N.D. Cal. 2007) 527 F. Supp.2d 992..................................................12

11   *Strumland v. Starbucks Corporation*,
          (N.D. Cal. 2016) 192 F.Supp.3d 1025 .....................................................24
12
13   *Swartz v. KPMG LLP*,
          (9th Cir. 2007) 476 F.3d 756 .............................................................14, 22

14   *United States v. Corinthian Colleges*,
          (9th Cir. 2011) 655 F3d 984 ....................................................................20
15
16   *Vess v. Ciba–Geigy Corp. USA*
          (9th Cir. 2003) 317 F.3d 1097 ........................................................13, 14, 22

17   *Vidillion, Inc. v. Pixalate, Inc.*
18         (C.D. Cal., June 5, 2019, No. CV 18-7270 DSF (ASX)), 2019
          WL 3308768 ...........................................................................................13

19   *VP Racing Fuels, Inc. v. General Petroleum Corp.*,
20         (E.D. Cal. 2009) 673 F.Supp.2d 1073 .....................................................25

21   *Walsh v. Nevada Dept. of Human Resources*,
          (9th Cir. 2006) 471 F.3d 1033 .................................................................27
22
23   *Weinberger v. Romero-Barcelo*,
          (1982) 456 US 305....................................................................................27

24   *Youngevity International, Corp. v. Smith*,
          (S.D. Cal. 2016) 224 F.Supp.3d 1022 .....................................................26
25

26               **STATUTES**

27   28 U.S.C. § 2201.........................................................................................27

28   Cal. Bus. & Prof. Code § 17200 ........................................................14, 22, 24

**TABLE OF AUTHORITIES**
(continued)

**Page**

Cal. Bus. & Prof. Code § 17203 ........................................................22, 23

Cal. Civ. Code § 1668.............................................................................20

Cal. Civ. Code § 1670.5 ...................................................................15, 16

Cal. Civ. Code § 2782....................................................................15, 19

Cal. Civ. Code § 3359....................................................................15, 18

## RULES

Fed. Rules Civ. Proc., rule 9(b) ..................................13, 14, 22, 25, 26

Fed. Rules Civ. Proc., rule 10(c) .........................................................20

Fed. Rules Civ. Proc., rule 12(b)(1) .....................................................10

Fed. Rules Civ. Proc., rule 12(b)(6) ................................................10, 12

## OTHER AUTHORITIES

5 J. Thomas McCarthy, Trademarks & Unfair Competition (5th ed. 2018)......24, 25

4845-1205-2140.2

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COUNTERCLAIMS

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## <u>INTRODUCTION</u>

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), PS Funding hereby moves the Court for an order dismissing ICG10's Amended Counterclaims for unfair competition and declaratory relief (the "Counterclaims"). PS Funding and ICG10 entered into a valid contract containing a repurchase provision and, now that PS Funding seeks to enforce that provision, ICG10 has put forth a number of meritless arguments – several of which can be readily disposed of at the pleading stage.

PS Funding has not violated any laws or engaged in any unfair competition, ICG10 fails to plead its claims with particularity, and, as a matter of law, ICG10 is not entitled to the relief it seeks. On these grounds, PS Funding requests that the Court dismiss ICG10's Counterclaims without leave to amend.

## II.

## <u>STATEMENT OF FACTS</u>

PS Funding is a real estate lending fund that, until recently, had a business relationship with ICG10 where PS Funding would purchase loans from ICG10. [Doc. 23, Second Amended Complaint ("SAC") ¶¶ 4, 8.] PS Funding and ICG10 had entered into that certain "Master Loan Sale Agreement" (the "MLSA"), wherein PS Funding agreed to purchase, and ICG10 agreed to sell, all of ICG10's right, title and interest in and to certain loans, and any and all of ICG10's rights, duties, and obligations in respect to such loans. [Doc. 22, First Amended Counterclaim ("Counterclaim"), ¶ 45; Doc. 23, SAC ¶ 8, Ex. 1.] Pursuant to the MLSA, PS Funding agreed to purchase two loans from ICG10: (i) a loan made by ICG10 to Grove Enterprises, LLC (the "Texas Borrower") in the amount of $2,168,869.00 (the "Texas Loan") [Doc. 22, Counterclaim, ¶¶ 42, 76; Doc. 23, SAC ¶¶ 11-12, Ex. 2-3.]; and (ii) a loan made by ICG10 to Rockwell One

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   Properties, LLC (the "Florida Borrower" and together with the Texas Borrower, the
2   "Borrowers") in the amount of $4,932,00.00 (the "Florida Loan" and together with
3   the Texas Loan, the "Loans").  [Doc. 23, SAC ¶¶ 17-18, Ex. 10-11.]

4   After defaults by both Borrowers, PS Funding invoked Section 2.11 of the
5   MLSA, a provision requiring the repurchase of the Loans by ICG10 if either
6   Borrower fails to make any of the first three monthly payments due under the
7   Loans.  [Doc. 23, SAC ¶¶ 10, Ex. 1.]  PS Funding demanded that ICG10 repurchase
8   the Loans from PS Funding.  [Doc. 23, SAC, ¶¶ 25, 28, Ex. 18, 20.]   Despite PS
9   Funding's demands, ICG10 failed and refused to repurchase the Loans.  [Doc. 23,
10  SAC ¶ 29.]

11  While ICG10 claims to be a "veteran of the fix-and-flip industry" [Doc. 22,
12  Counterclaim ¶ 73] and have "relationships with several other lenders" [Doc. 22,
13  Counterclaim ¶ 73], it also asserts it had "unequal bargaining power" [Doc. 22,
14  Counterclaim ¶ 83] with PS Funding, and an inability to have discovered "hidden"
15  provisions within the MLSA.  [Doc. 22, Counterclaim ¶ 83.]  Despite its vast
16  experience and voluntary agreement to the MLSA, ICG10 now claims that Section
17  2.11 is "nonsensical and unconscionable"  [Doc. 22, Counterclaim ¶ 72], violates
18  various California statutes and laws [Doc. 22, Counterclaim ¶¶ 83-89], and that any
19  contract to which PS Funding is a party that contains such a clause should be
20  declared "illegal, invalid, and unenforceable" [Doc. 22, Counterclaim ¶ 116].

21  Without specifying the details, ICG10 also alleges that PS Funding "has
22  actively misled its crowdfunders into thinking that ICG10 Capital and brokers are
23  responsible for conducting due diligence when they're not."  [Doc. 22,
24  Counterclaim ¶ 11; *see also* Doc. 22, Counterclaim ¶ 92.]  ICG10 concludes that
25  this constitutes a "false or misleading statement in connection with the Texas
26  Loan," and that the "statement actually deceived [PS Funding's] crowdfunders."
27  [Doc. 22, Counterclaim ¶¶ 97-98; *see also* Counterclaim ¶ 92.]  While it does not
28  specify the particulars of these allegedly false or misleading statements (time, place,

- 11 -

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

and specific content), ICG10 alleges that actual deception occurred by pasting in a purported comment of some form of an alleged investor.  [Doc. 22, Counterclaim ¶ 99.]

In its prayer for relief, ICG10 seeks compensatory damages, restitution, recovery of its legal fees and costs, declaratory and injunctive relief, pre- and post-judgment interest, and other relief deemed appropriate by the Court.  [Doc 22, Counterclaim, Prayer for Relief.]

## III.

## THE COUNTERCLAIMS MUST BE DISMISSED BECAUSE ICG10 FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

### A.   Standards Governing Motions to Dismiss

In reviewing a complaint or counterclaim, this Court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *Erickson v. Pardus* (2007) 551 U.S. 89, 94.  The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988; *see also Stickrath v. Globalstar, Inc.* (N.D. Cal. 2007) 527 F. Supp.2d 992, 996 (granting motion to dismiss for lack of standing and finding that plaintiffs allegations that: (1) "[a]s a result of Defendant's unfair and deceptive practices, Plaintiffs and the Class members purchased satellite phones and the Service for the purpose of placing and receiving calls in remote places" and (2) that their "injuries were directly and proximately caused by Globalstar's conduct" were conclusory.).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true.  *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 555. A claim for relief must be more than just "possible;" it must be plausible on its face.  *Ashcroft v. Iqbal* (2009) 556 U.S.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

662, 678-79.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

Likewise, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Nor will a pleading that lacks factual allegations to support one of the substantive elements of a claim, or a claim as to which an issue of law is dispositive.  *See Leavell v. Illinois Dep't of Natural Res.* (7th Cir. 2010) 600 F.3d 798, 808; *Neitzke v. Williams* (1989) 490 U.S. 319, 326 (superseded by statute on other grounds as stated in *Lopez v. Smith* (9th Cir. 2000) 203 F.3d 1122, 1126).

Moreover, where conduct complained of is grounded in fraud, Unfair Competition Law (Cal. Bus. & Prof. Code § 17200) ("UCL") and Lanham Act claims must satisfy Rule 9(b)'s heightened pleading standard. *Cullen v. Netflix, Inc.* (N.D. Cal. 2012) 880 F.Supp.2d 1017, 1022 (applying Rule 9(b) pleading standard to state law claims that included violation of UCL); *Kearns v. Ford Motor Co.* (9th Cir. 2009) 567 F.3d 1120, 1125 ("[Plaintiff's] first argument—that Rule 9(b) does not apply to California's consumer protection statutes [including UCL claim] because California courts have not applied Rule 9(b) to [these statutes]—is unavailing."); *Vess v. Ciba–Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097, 1103–04 (UCL claim); *Abramson v. Marriott Ownership Resorts, Inc.* (C.D. Cal. 2016) 155 F.Supp.3d 1060, 1064 (UCL claim); *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.* (C.D. Cal. 2010) 711 F.Supp.2d 1074, 1085 (dismissing a licensor's Lanham Act false advertising claim because plaintiff did not "specify[ ] which statements are allegedly false or set[ ] forth what is false or misleading about such statements," and thus failed to meet its Rule 9(b) burden); *Vidillion, Inc. v. Pixalate, Inc.* (C.D. Cal., June 5, 2019, No. CV 18-7270 DSF (ASX)) 2019 WL 3308768, at *1 (dismissing Lanham Act false advertising claim because plaintiff

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   provided "no details of the particular fraudulent statements, when they were made,

2   or to whom," and thus failed to meet its Rule 9(b) burden); *ProSolutions Software,*

3   *Inc. v. DemandForce, Inc.* (C.D. Cal. 2013) 2013 WL 12139120, at *1 (dismissing

4   Lanham Act false advertising claim because "plaintiff still has not pleaded its

5   Lanham Act claim with enough particularity to meet its Rule 9(b) burden," given

6   that plaintiff only broadly alleged that the defendant made certain

7   misrepresentations regarding its relationship with the plaintiff "in promotions,

8   advertising, and marketing in commerce").

9       To satisfy Rule 9(b), plaintiff must state the "'time, place, and specific

10  content of the false representations as well as the identities of the parties to the

11  misrepresentation.'" *Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756, 764,

12  *quoting Edwards v. Marin Park, Inc.* (9th Cir. 2004) 356 F.3d 1058, 1066.  Further,

13  plaintiff must set forth what is false or misleading about a statement, and why it is

14  false.  *Vess v. Ciba–Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097, 1106.

15  **B.**    **ICG10's First Counterclaim Must Be Dismissed**

16      1.    ICG10 Fails to State A Claim Under the UCL

17      A cause of action may be brought under the "unlawful" prong of section

18  17200 of the California Business & Professions Code  if a practice violates another

19  law.  *Farmers Insurance Exchange v. Superior Court* (1992) 2 Cal.4th 377, 383.

20  Such an action "borrows violations of other laws and treats these violations, when

21  committed pursuant to business activity, as unlawful practices independently

22  actionable under section 17200 et. seq. . . ."  *Id.*  "Unfair" as defined in section

23  17200 is "conduct that threatens an incipient violation of an antitrust law, or

24  violates the policy or spirit of one of those laws."  *Cel-Tech Communications, Inc.*

25  *v. L.A. Cellular Tel. Co.* (1999) 20 Cal.4th 163, 187.  In making this determination,

26  the court considers (1) whether the Legislature provided a safe harbor for the

27  defendant's conduct; and (2) if it has not, whether that conduct is unfair.  *Id.*

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

ICG10 alleges that PS Funding violated several statutes (Cal. Civ. Code §§ 1670.5, 3359, and 2782) and California law regarding indemnity, thereby constituting unlawful practices, and that it threatens competition because it forces brokers out of business, thereby constituting unfair practices.  But, as set forth below, there is no violation of such laws or any unfair practices.  Accordingly, ICG10 does not state a claim upon which relief can be granted.

### a.   California Civil Code section 1670.5

Civil Code section 1670.5 provides that upon finding that a contract or any clause of a contract is unconscionable, a court "may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."  This provision allows a court to grant relief from unconscionable contracts or clauses.  *Shadoan v. World Savings & Loan Assn.* (1990) 219 Cal.App.3d 97, 102.

"[U]nconscionability has both a 'procedural' and a 'substantive' element, the former focusing on 'oppression' or 'surprise' due to unequal bargaining power, the latter on 'overly harsh' or 'one-sided' results."  *Mohamed v. Uber Technologies, Inc.* (9th Cir. 2016) 848 F.3d 1201, 1210; *see also De La Torre v. CashCall, Inc.* (2018) 5 Cal.5th 966, 982.  "Both substantive and procedural unconscionability must be present in order for a court to find a contract unconscionable."  *Mohamed*, 848 F.3d at 1210.

Procedural unconscionability "include[s] an absence of meaningful choice on the part of one of the parties."  *Dean Witter Reynolds, Inc. v. Superior Court* (1989) 211 Cal.App.3d 758, 767.  "Absence of meaningful choice occurs when a party to a bargain has little choice but to accept the terms stated by the other party," such as where "a party is wholly unable to obtain the same consideration on other terms."  *Shadoan v. World Savings & Loan Assn.* (1990) 219 Cal.App.3d 97, 103; *see Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.* (2015) 232

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER

L.L.P.

LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   Cal.App.4th 1332, 1354 (holding no procedural unconscionability where party

2   could have approached other companies to fill vacancy and did not have to accept);

3   *see also Dean Witter Reynolds, Inc.*, 211 Cal.App.3d at 768 ("If 'oppression' refers

4   to the absence of meaningful choice,' then the existence of a 'meaningful choice' to

5   do business elsewhere must tend to defeat any claim of oppression.").

6       Notably, courts have dismissed section 1670.5 claims involving loans where

7   the contract terms are clear and hold that plaintiff "has a duty to read the terms of

8   the contract before signing." *Rosenfeld v. JPMorgan Chase Bank, N.A.* (N.D. Cal.

9   2010) 732 F.Supp.2d 952, 966; *see also Altman v. PNC Mortg.* (E.D. Cal. 2012)

10  850 F.Supp.2d 1057, 1081 (granting motion to dismiss without leave to amend and

11  ruling that contract was unconscionable where "[t]he complaint reveal[ed] no more

12  than an arms length loan transaction.").

13      A party's status as a business, not a consumer, is a factor properly considered

14  by a court in its unconscionability analysis. *Captain Bounce, Inc. v. Business*

15  *Financial Services, Inc.* (S.D. Cal., Mar. 19, 2012, No. 11-CV-858 JLS WMC)

16  2012 WL 928412; *Cotchett, Pitre & McCarthy v. Universal Paragon Corp.* (2010)

17  187 Cal.App.4th 1405, 1421 (holding no procedural unconscionability where

18  agreement "was a private business transaction between equally matched parties");

19  *Appel v. Concierge Auctions, LLC* (S.D. Cal. Apr. 13, 2018, No. 17-CV-02263-

20  BAS-MDD) 2018 WL 1773479, at *9 (holding there was no procedural

21  unconscionability even though defendant introduced the agreement "on a take it or

22  leave it basis" because "Plaintiffs [were] relatively sophisticated and had the

23  capacity to understand" the provision at issue); *Kaba Mas, LLC v. La Gard Latin*

24  *America, Inc.* (C.D. Cal., Dec. 16, 2010, No. CV1003793GAFFFMX) 2010 WL

25  11552869, at *4 (holding that, where "both parties were sophisticated

26  businesspeople, there [were] no facts to indicate that Alarcon was at a disadvantage

27  during the negotiations").

28

1    "Substantive unconscionability pertains to the fairness of an agreement's

2    actual terms and to assessments of whether they are overly harsh or one-sided."

3    *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012)

4    55 Cal.4th 223, 246; *see Jones v. Wells Fargo Bank* (2003) 112 Cal.App.4th 1527,

5    1540 (affirming sustaining of demurrer without leave to amend and holding that

6    interest provisions "do not shock the conscience"); *see also Shadoan v. World*

7    *Savings & Loan Assn.* (1990) 219 Cal.App.3d 97, 103–04 (affirming sustaining of

8    demurrer without leave to amend holding that the loan provisions were not "so

9    oppressive or unreasonably favorable to [defendant] as to make them

10   unconscionable").

11        ICG10's allegations related to procedural unconscionability are that (1) there

12   was unequal bargaining power, (2) Section 2.11 was hidden in Article 2 governing

13   the initial loan transaction, (3) Section 2.11 contained no emphasis to draw

14   attention to it, and (4) PS Funding was the sole table funder who provided funding

15   for commercial bridge loans.  [Doc. 22, Counterclaim ¶ 83-85, 90-91.]  ICG10

16   attempts to add facts underlying its conclusory allegation that there was "unequal

17   bargaining power" by alleging that PS Funding was the only lender that would fund

18   these loans.  Yet ICG10 still admits that "it has table funding relationships with

19   several other lenders [and] no other lender besides PeerStreet imposes any remotely

20   similar requirement [to Section 2.11]."  [Doc. 22, Counterclaim, ¶ 73.]  Therefore,

21   despite its contrary allegations, ICG10 had a "meaningful choice" to do business

22   elsewhere prior to entering into the MLSA, which defeats any claim of oppression.

23   *Dean Witter Reynolds, Inc.*, 211 Cal.App.3d at 768.  Moreover, this action is in a

24   non-consumer, commercial setting, which is another factor weighing against a

25   finding of unconscionability.  Additionally, ICG10's allegations regarding Section

26   2.11's placement and lack of emphasis are meritless because a plaintiff "has a duty

27   to read the terms of a contract before signing."  *Rosenfeld*, 732 F.Supp.2d at 966.

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

ICG10's allegation related to substantive unconscionability is that Section 2.11 operates to impose over $7 million in damages where ICG10 was paid a mere 1% of the origination fee (amounting to roughly $70,000), and that PS Funding knew that ICG10 could never repurchase the Texas or Florida loans.  [Doc. 22, Counterclaim, ¶¶ 83-84.]  ICG10 also alleges that Section 2.11 is "nonsensical" but does not allege that it is deceptive or that ICG10 failed to understand its meaning.  [Doc. 22, Counterclaim, ¶ 72.]  But these terms do not shock the conscience.  Indeed, loan repurchase agreements are common and properly enforced.  *See Trust One Mortgage Corp. v. Invest America Mortgage Corp.* (2005) 134 Cal.App.4th 1302, 1304-15; *see also, e.g.*, *Lehman Bros. Holding, Inc. v. IZT Mortg., Inc.* (9th Cir. 2011) 2011 WL 2313601 at *5-6; *Lehman Bros. Holdings, Inc. v. Bayporte Enterprises, Inc.* (N.D. Cal. 2011) 2011 WL 6141079 at *1-3; *Lehman Bros Holdings, Inc. v. California Fin. Group, Inc.* (C.D. Cal. 2011) 2011 WL 4375724 at *2-3 (all enforcing mortgage repurchase agreements).  Moreover, ICG10 was required to repurchase the loan, which would include the assignment of the note and deed of trust, which granted a security interest in the underlying property.  As owner of the note and deed of trust, ICG10 could proceed to foreclose on the property or take other avenues to recoup the loan amount if still in default.  Accordingly, the alleged disparity between the loan purchase cost and the origination fee is illusory.

### b.     California Civil Code section 3359

Civil Code section 3359 provides that "[d]amages must, in all cases, be reasonable, and where an obligation of any kind appears to create a right to unconscionable and grossly oppressive damages, contrary to substantial justice, no more than reasonable damages can be recovered."  This code section governs the scope of relief with respect to damages, and limits what may be awarded in an action.  *See People v. Southern Cal. Edison Co.* (1976) 56 Cal.App.3d 593.  There

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1  are no California cases providing that a "violation" of this section can constitute the

2  type of unlawful conduct that would constitute a violation of the UCL.

3          **c.**       **California Civil Code section 2782**

4        Civil Code section 2782 provides that "provisions…in…any construction

5  contract and that purport to indemnify the promisee against liability for damages for

6  death or bodily injury to persons, injury to property, or any other loss, damage or

7  expense arising from the sole negligence or willful misconduct of the promisee or

8  the promisee's agents, servants, or independent contractors who are directly

9  responsible to the promisee, or for defects in design furnished by those persons, are

10  against public policy and are void and unenforceable."

11        This section is not directed at lenders, but rather added by the California

12  State Legislature "because of the increasing use of hold-harmless agreements in

13  construction contracts making the general contractors responsible for liabilities

14  which are not normally theirs such as liability for latent defects in a building caused

15  by negligence by the architect or engineer." *Markborough California, Inc. v.*

16  *Superior Court* (1991) 227 Cal.App.3d 705, 710-711.  Indeed, construction

17  contracts are treated differently than other types of contracts.  *See Federal Deposit*

18  *Insurance Corp. v. First American Co.* (C.D. Cal. 2015) 2015 WL 13284947 at * 3.

19  This section is not applicable to the allegations here.  There are no California cases

20  that provide that a "violation" of this section can constitute the type of unlawful

21  conduct that would constitute a violation of the UCL.

22          **d.**       **California law regarding indemnity**

23        ICG10 contends that PS Funding "was the sole party responsible for

24  performing diligence on the loans, the sole party responsible for deciding whether

25  to extend the loans, and the sole party responsible for determining the loan terms."

26  [Doc. 22, Counterclaim ¶ 87.]  ICG10 concludes that this is tantamount to PS

27  Funding indemnifying itself for its own intentional acts, which it claims is against

28  California law and public policy.  [*Id.*]

SNELL & WILMER
LAW OFFICES
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    These allegations belly the terms of the parties' contract.  In reviewing a

2  complaint on a motion to dismiss, the Court accepts all well-pleaded allegations of

3  the complaint as true and construes the facts and reasonable inferences derived

4  therefrom in the light most favorable to the plaintiff. *Erickson v. Pardus* (2007) 551

5  U.S. 89, 94.  The court need not, however, "accept as true allegations that are

6  merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

7  *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988.  The court

8  may also consider exhibits to the complaint, or documents not physically attached

9  to the complaint if referenced in the complaint and central to the claim where there

10  is no question regarding the authenticity of the document.  FRCP 10(c); *United*

11  *States v. Corinthian Colleges* (9th Cir. 2011) 655 F3d 984, 999.

12    Section 2.5 of the MLSA, attached as Exhibit 1 to the SAC (Doc. 23) and

13  referenced in paragraph 45 of the Counterclaim, provides that PS Funding, as

14  buyer, "shall review, inspect and investigate, (or shall have affirmatively chosen not

15  to obtain, review, inspect or investigate) each and every aspect of the Loan in

16  question, the Loan Documents for the Loan,… and all other documents…delivered

17  by Seller to Buyer, or otherwise made available to Buyer."  In addition, "Buyer

18  shall not contact any Borrower…unless specifically permitted by Seller."

19  Accordingly, the allegation that due diligence was the sole obligation of PS

20  Funding is incorrect, given that the due diligence involved ICG10 providing

21  information to PS Funding and ICG10 controlling whether PS Funding could

22  contact and obtain information from the Borrower(s).

23    As to California law, Civil Code section 1668 provides that "[a]ll contracts

24  which have for their object, directly or indirectly, to exempt anyone from

25  responsibility from his own fraud, or willful injury to the person or property of

26  another, or violation of law, whether willful or negligent, are against the policy of

27  the law."  This statute does not apply to indemnity agreements against negligence.

28  *Goldman v. Ecco-Phoenix Elec. Corp.* (1964) 62 Cal.2d 40, 48-49.  Indeed, ICG10

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   alleges that PS Funding's conduct "constituted its own, sole negligence." [Doc. 22,

2   Counterclaim, ¶ 88.]  Moreover, there is no contention that PS Funding committed

3   intentional acts – just that such conduct may occur because of this provision. [Doc.

4   22, Counterclaim, ¶ 85.]

5          **e.**     **Unfair practice by threat or harm to competition**

6        ICG10 alleges that if PS Funding is allowed to maintain the enforceability of

7   Section 2.11, it allows PS Funding to leverage its market dominance to force its

8   competitors (the brokers) out of business. But this premise is unfounded. By

9   ICG10's own admissions and the plain language of the parties' contract, the

10   relationship at issue is that of a buyer and seller – not competitors. [*See* Doc. 22,

11   Counterclaim, ¶¶ 34 (describing relationship) and 91 ("Absent [Section

12   2.11],…ICG10 Capital and PeerStreet would still be doing business together…").

13        ICG10 further alleges that "[t]he practice is unlawful and unfair because PS

14   Funding has misled crowdfunders into believing that ICG10 Capital performed the

15   underwriting and diligence on the Texas loan," and "PeerStreet's crowdfunders

16   now question ICG10 Capital's—a PeerStreet competitor—underwriting and due

17   diligence." [Doc. 22, Counterclaim, ¶ 92.] But ICG10 lacks standing to maintain

18   an action for these alleged harms because it has not established a loss or

19   depreciation of property sufficient to qualify as an injury in fact. *Kwikset Corp. v.*

20   *Superior Court* (2011) 51 Cal. 4th 310, 322 (to satisfy the standing requirement, a

21   party must "(1) establish a loss or deprivation of money or property sufficient to

22   qualify as injury in fact, i.e., *economic injury*, and (2) show that economic injury

23   was the result of, i.e., *caused by*, the unfair business practice … that is the

24   gravamen of the claim.").

25        Indeed, to have standing, a party "must demonstrate some form of economic

26   injury." *Id.* at 323. Vague references to reputational harm and the incurrence of

27   legal fees in defending a breach of contract action are hardly the types of economic

28   injury contemplated by the UCL. *See, e.g., id.* at 323-24. Worse yet, ICG10 fails

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   to allege what statement, if any, was made to its crowdfunders, how such a

2   statement has any bearing on Section 2.11, or that ICG10 has suffered any harm

3   *because of* PS Funding.

4          2.     <u>ICG10 Fails to Plead its Claim with Particularity</u>

5          To the extent that the alleged conduct is unlawful or unfair, which PS

6   Funding disputes, this claim is not pled with particularity.  As set forth above, to

7   satisfy Rule 9(b), plaintiff must state the "time, place, and specific content of the

8   false representations as well as the identities of the parties to the

9   misrepresentation." *Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756, 764,

10  *quoting Edwards v. Marin Park, Inc.* (9th Cir. 2004) 356 F.3d 1058, 1066. Further,

11  plaintiff must set forth what is false or misleading about a statement, and why it is

12  false. *Vess v. Ciba–Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097, 1106.

13         The basis of ICG10's claims is that PS Funding "misled" its crowdfunders.[1]

14  [Doc. 22, Counterclaim, ¶ 92.]  Accordingly, the heightened pleading standard in

15  FRCP 9(b) will apply to this claim.  But the allegations set forth in this claim are

16  vague at best.  There are still no details about how PS Funding allegedly misled its

17  crowdfunders or when this occurred.

18         3.     <u>ICG10 Seeks Improper Relief</u>

19         Under California Business and Professions Code section 17200, "[p]revailing

20  plaintiffs are generally limited to injunctive relief and restitution." *Korea Supply*

21  *Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1144, *citing to Cel–Tech*

22  *Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th

23  163, 180. Damages cannot be recovered.  *Bank of the West v. Superior Court*

24  (1992) 2 Cal.4th 1254, 1266; *see State Farm Fire & Cas. Co. v. Superior Court*

25  (1996) 45 Cal.App.4th 1093, 1110 ("Damages are not available under Business and

26

27

28

---

[1] Notably, several of the loan documents were recorded in the public records, including deeds of trust that list ICG10 as the beneficiary and/or lender.  [Doc. 23, SAC, Exs. 4, 12.]  These were then assigned to PS Funding.  [Doc. 23, SAC, Exs. 9, 16.]  It is a matter of public record that ICG10 was not only involved in these loans, it acted as lender.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Professions Code section 17203. [Citation.] That means that no claim for compensatory or punitive damages can be recovered in a [UCL] action.").

The restitution remedies under the UCL provide that

> [t]he court may make such orders or judgments…which may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.  By the plain language of this statute, plaintiff must establish that there is some "money or property" that must be restored to the plaintiff which was "acquired" by defendant. *Cortez v. Purolator Air Filtration Prods., Inc.* (2000) 23 Cal.4th 163, 172 (restitution may only be ordered "to persons from whom money or property has been unfairly or unlawfully obtained."); *Prata v. Superior Court* (2001) 91 Cal.App.4th 1128, 1139 (consumer who did not pay the allegedly offensive charges finance charge cannot recover restitution); *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1144 ("an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest.").

Attorneys' fees are not recoverable. *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 179 ("Plaintiffs may not receive damages, much less treble damages, or attorney fees.").

The failure to plead recoverable damages based on expending money and restitution subjects the claim to dismissal. *See Haslach v. Sec. Pac. Bank Oregon* (D. Or. 1991) 779 F.Supp. 489, 494 (dismissing counterclaims because claims failed to distinguish alleged damages from attorney's fees, which were not recoverable); *Burger v. Kuimelis* (N.D. Cal. 2004) 325 F.Supp.2d 1026, 1035 (dismissing causes of action for failure to adequately plead damages).

ICG10 alleges that its damages consist of (1) damage to its reputation in the marketplace and (2) forcing it to incur legal fees when PS Funding brought this action.  [Doc. 22, Counterclaim, ¶ 93.]  While the prayer for relief in the Counterclaim includes restitution, the Counterclaim still alleges damages, not restitution.  In a 17200 claim, ICG10 can only recover money or property restored to ICG10 that PS Funding acquired.  PS Funding did not "acquire" ICG10's reputation or legal fees – it just acquired the loans for a fee.  Any restitution would be the return of the loans.

As to injunctive relief, ICG10 lacks standing to seek such relief.  A plaintiff seeking injunctive relief must allege not only that it has "suffered or is threatened with a concrete and particularized legal harm," but also that there is "a sufficient likelihood that [it] will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.* (9th Cir. 2007) 511 F.3d 974, 985; *Strumland v. Starbucks Corporation* (N.D. Cal. 2016) 192 F.Supp.3d 1025, 1030.  ICG10 does not allege that it will be wronged again in a similar way, nor can it.  ICG10 can simply choose not to broker any future loans with PS Funding.  Moreover, as discussed above, ICG10 lacks standing to assert a 17200 claim because it has not suffered an economic injury caused by PS Funding.  *Kwikset Corp., supra* at 322.

Given the above, this claim should be dismissed.

## C.     ICG10's Second Counterclaim Must Be Dismissed

The Lanham Act is the "vehicle for the assertion of two major and distinct types of 'unfair competition': (1) infringement of even unregistered marks, names and trade dress, and (2) 'false advertising.'" 5 J. Thomas McCarthy, Trademarks & Unfair Competition § 27:9 (5th ed. 2018).  No infringement is at issue in this case.  Accordingly, to state a claim for false advertising under the Lanham Act, ICG10 must show:

(1)     the defendant made a false statement either about the plaintiff's or its own product;

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

(2)  the statement was made in commercial advertisement or promotion;

(3)  the statement actually deceived or had the tendency to deceive a substantial segment of its audience;

(4)  the deception is material;

(5)  the defendant caused its false statement to enter interstate commerce; and

(6)  the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product.

*Newcal Industries, Inc. v. Ikon Office Solution* (9th Cir.2008) 513 F.3d 1038, 1052, *quoting Jarrow Formulas, Inc. v. Nutrition Now, Inc.* (9th Cir.2002) 304 F.3d 829; 5 J. Thomas McCarthy, Trademarks & Unfair Competition § 27:24 (5th ed. 2018).

As an initial matter, ICG10 alleges that Ps Funding "made a false or misleading statement in connection with the Texas loan." [Doc. 22, Counterclaim ¶ 97.]  Accordingly, the heightened pleading requirement in FRCP 9(b) will apply to this claim.

In order to state a claim for false advertising, the plaintiff must plead "[t]he content of the alleged misrepresentation" as well as "what is false or misleading about the statement." *VP Racing Fuels, Inc. v. General Petroleum Corp.* (E.D. Cal. 2009) 673 F.Supp.2d 1073, 1088 (internal quotation marks and citation omitted).  Where the complaint does "not identify any advertisements by Defendant but [] merely assert[s] conclusory allegations that Defendant made false statements in its advertising," it fails to state a claim.  *Id.* (dismissing false advertising claim where plaintiff alleged that Defendant "misrepresented the nature, characteristics, or qualities of [its] product by falsely informing consumers that they are purchasing 100 Octane fuel, when i[n] fact they are actually purchasing 97 or less Octane" but did not identify a specific advertisement); *see also Kearns v. Ford Motor Co.* (9th

SNELL & WILMER

Cir. 2009) 567 F.3d 1120, 1126 (affirming dismissal of plaintiff's UCL claim based on fraudulent advertisement where plaintiff "fail[ed] to allege in any of his complaints the particular circumstances surrounding [the] representations" or "specify what the television advertisements or other sales material specifically stated"); *Youngevity International, Corp. v. Smith* (S.D. Cal. 2016) 224 F.Supp.3d 1022, 1031 (dismissing Lanham Act false advertising claim because plaintiff did not "identif[y] with particularity" a specific advertisement); *Seoul Laser Dieboard System Co., Ltd. v. Serviform, S.r.l.* (S.D. Cal. 2013) 957 F.Supp.2d 1189, 1200 (dismissing Lanham Act false advertising claim because plaintiff "fail[ed] to identify *any* false statement, much less explain why it is misleading").

A plaintiff cannot avoid these pleading requirements by alleging that the facts are exclusively within the opposing party's knowledge. *See Moore v. Kayport Package Exp., Inc.* (9th Cir. 1989) 885 F.2d 531, 540.  Although Rule 9(b)'s particularity requirements may be relaxed as to matters exclusively within the opposing party's knowledge, the plaintiff is still required to plead "a statement of the facts on which the belief is founded." *Id.*  If the factual allegations based on "information and belief" are mere conclusory allegations of fraud or "contain nothing more than a rote recitation of the required elements" of the claim, they are insufficient. *Simonyan v. Ally Fin., Inc.* (C.D. Cal. Jan. 3, 2013) 2013 WL 45453, at *2.

ICG10 fails to identify any particular statement or advertisement by PS Funding in its Lanham Act claim.  This failure alone is reason to dismiss this claim.  *See Moore,* 885 F.2d at 540 (holding the plaintiff failed to satisfy even the relaxed pleading standard where the complaint did not identify the allegedly fraudulent advertisement "as to content, date or author").  Further, because ICG10 has not identified the statement at issue, it fails to explain what is false or misleading about the statement.  ICG10's allegations are mere speculation admittedly based on an anonymous comment by a crowdfunder who believed

1    ICG10 was responsible for performing the due diligence of the Texas loan.  [Doc.

2    22, Counterclaim, ¶¶ 99-100.]  The tenuous possibility that this crowdfunder

3    received this information from a PS Funding advertisement does not satisfy the

4    requirement that ICG10 plead the facts on which its belief is founded.[2]  Therefore,

5    ICG10 has not sufficiently pled its Lanham Act claim.

6    **D.    ICG10's Fourth Counterclaim Must Be Dismissed**

7        To obtain declaratory relief, a party must demonstrate the existence of an

8    actual controversy.  28 U.S.C. § 2201.  "The basis for injunctive relief in the federal

9    courts has always been irreparable injury and the inadequacy of legal remedies."

10   *Weinberger v. Romero-Barcelo* (1982) 456 US 305, 312; *Stanley v. University of*

11   *Southern Calif.* (9th Cir. 1994) 13 F3d 1313, 1320 (affirming district court's denial

12   of motion for preliminary injunction).

13       ICG10 incorporates by reference the other allegations in the complaint,

14   forming the basis for its declaratory and injunctive relief claim.  [Doc. 22,

15   Counterclaim, ¶¶ 113-114.]  However, for the reasons discussed above, several of

16   ICG10's claims fail and should be dismissed.  And because ICG10's claim for

17   declaratory and injunctive relief is derivative of those claims that fail, there is no

18   actual controversy, no irreparable injury, and its claim for declaratory and

19   injunctive relief necessarily fails as well.

20       Moreover, ICG10 lacks standing to assert a declaratory or injunctive relief

21   action as to other PS Funding contracts.  *See Slayman v. FedEx Ground Package*

22   *Sys., Inc.* (9th Cir. 2014) 765 F.3d 1033, 1047-48 (a party seeking injunctive or

23   declaratory relief has standing when they would stand to benefit from such relief);

24   *see also Walsh v. Nevada Dept. of Human Resources* (9th Cir. 2006) 471 F.3d

25   1033, 1036-37.  Here, ICG10 would not benefit from a judgment declaring that

26   other PS Funding contracts that contain a repurchase clause in connection with any

27   table funding relationships are illegal, invalid, and unenforceable.

28

[2] In addition, see footnote 1, above.

4845-1205-2140.2

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COUNTERCLAIMS

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

**IV.**

**<u>CONCLUSION</u>**

For the foregoing reasons, PS Funding respectfully requests that the Court dismiss ICG10's First, Second, and Fourth Counterclaims without leave to amend.

Dated:        November 12, 2019           SNELL & WILMER L.L.P.


By: */s/ Lyndsey A. Torp*
Eric S. Pezold
Lyndsey A. Torp
Andrew B. Still

Attorneys for Plaintiff
PS Funding, Inc.